# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**
      Plaintiff,

Hon.

Case No. 14:   -cv-

| |
|---|
| LR 9.1(b) Claim of Unconstitutionality **Regarding Michigan Election Law that Impacts Impending Elections and Candidates** |

v.

**RUTH JOHNSON,** in her official capacity as the Secretary of State,
**CATHY M. GARRETT,** in her official capacity as the Wayne County Clerk**, and**
**BRENDA GREEN,** in her official capacity as City Clerk for the City of Highland Park,
      Defendants.

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Robert Davis
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

_____/

## <u>VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF</u>

PLAINTIFF, ROBERT DAVIS ("**Plaintiff Davis**"), by and through his attorney,

ANDREW A. PATERSON, for his Verified Complaint for Declaratory Judgment and

Injunctive Relief, states and alleges the following:

### I.     <u>NATURE OF PLAINTIFF'S CLAIMS</u>

1. Plaintiff Davis' claim is brought by him as a candidate for public office and it is

   brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act.  It alleges

   that the Defendants' enforcement of Mich. Comp. Laws § 168.544c(3) - limiting

   Plaintiff Davis' selection and use of persons to be his nominating petition *circulators*

   only to *registered electors* - violates Plaintiff Davis' First Amendment constitutional

right of free speech/political speech as a candidate for the public office of school

board member.

2.   This action's controlling constitutional law is precisely aimed at Plaintiff Davis'

circumstances. The controlling precedent in this circuit clearly requires this Court to

declare that Mich. Comp. Laws § 168.544c(3), which requires that circulators of

nominating petitions be *registered* electors of the State of Michigan, is

unconstitutional for it violates Plaintiff Davis' First Amendment rights of free

speech/political speech.

3.   The Sixth Circuit in *Nader v Blackwell*, 545 F.3d 459 (6th Cir. 2008), expressly held:

> In this case, as in *Buckley*, Nader's petition circulation activity constitutes
> core political speech, and any regulation of that speech is subject to exacting
> scrutiny.  See *Buckley*, 525 U.S. at 192 n.12, 119 S.Ct. 636; *id.* at 210-11, 119
> S.Ct. 636 (Thomas, J., concurring) (applying strict scrutiny because
> registration requirement impacted core political speech).

*Nader,* 545 F.3d at 475.

4.   Applying strict scrutiny to a state's [Ohio] election law requiring candidate-petition

circulators to be *registered* electors, the Sixth Circuit in *Nader,* adopting the legal

analysis and reasoning provided by its sister circuits*,* further held:

> We agree with theses courts that we should not categorically exclude
> candidate-petition circulators from *Buckley's* analysis of registration
> requirements.  Thus, we hold that Blackwell's enforcement of the registration
> requirements against Nader's circulators violated Nader's First Amendment
> rights.

*Nader*, 545 F.3d at 476.

5.   The Sixth Circuit in *Nader*, went even further to explain that its holding was binding

on ***all future cases***, and judges bound by the Sixth Circuit's decisions, that challenge

similar election laws that require candidate-petition circulators be *registered* electors.

Page **2** of **15**

In his concurring opinion, which is also the opinion of the Court, Circuit Judge Clay held:

> As we correctly hold, "petition circulation activity constitutes core political speech, and any regulation of that speech is subject to exacting scrutiny." Lead Op. at 13. The fact that we reach this holding in resolving a particular plaintiff's claim for money damages does not diminish its applicability to ***all future cases, and judges bound by the Sixth Circuit's decisions must treat Nader v. Blackwell as they would any other published opinion of this Court***. (Emphasis supplied).

*Nader*, 545 F.3d at 478.

6.  The Western District of Michigan has also opined that the voter-registration requirement for candidate-petition circulators is unconstitutional for it violates the First Amendment of the United States Constitution.  District Court Judge Robert Holmes Bell in *Bogaert v Land*, 675 F.Supp.2d 742 (W.D.Mich. 2009), held:

> The Court finds that the registration and residency restrictions for recall-petition circulators are just as burdensome *as the unquestionably unconstitutional registration and residency restrictions on initiative and candidate-petition circulators because the restrictions substantially decrease the pool of potential circulators*.  (Emphasis supplied).

*Bogaert*, 675 F.Supp.2d at 751.

7.  Plaintiff Davis challenges the actions taken by the Defendants, in their official capacities, enforcing the unconstitutional provisions of Mich. Comp. Laws § 168.544c(3), which requires that candidate-petition circulators be *registered* voters of the State of Michigan, contrary to Plaintiff Davis' statement to Defendants that he intended and desired to select and use persons not registered to vote in the State of Michigan to circulate his nominating petitions.

8. Plaintiff Davis seeks prospective, non-monetary damages, inclusive of declaratory relief and injunctive relief, with respect to this unconstitutional statute and its enforcement by Defendants against him.

9. Mich. Comp. Laws § 168.544c(3) and Defendants' enforcement and implementation of that provision, **only** permitting and allowing *registered* voters the right to circulate Plaintiff Davis' nominating petitions on his behalf, violates Plaintiff Davis' First Amendment Right to free speech/political speech to select and utilize citizens not registered to vote, to circulate his nominating petitions for election to public office. See *Nader v Blackwell*, 545 F.3d 459 (6th Cir. 2008); and see, *Bogaert v Land*, 675 F.Supp.2D 742 (W.D.Mich. 2009).

## II.    JURISDICTION AND VENUE

10. Federal question jurisdiction over Plaintiff Davis' First Amendment Constitutional claim is conferred by 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1344, 2201 and 2202.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because the Plaintiff Davis is a resident of this district, all Defendants reside or have their public offices located in this district, and the actions giving rise to this complaint all occurred within this district.

## III.    PARTIES

12. Plaintiff, Robert Davis ("**Plaintiff Davis**"), is a registered and qualified elector in the County of Wayne, State of Michigan, and is an elector of the 13th Congressional District.  Plaintiff Davis is presently a duly elected member of the Highland Park Board of Education.  Plaintiff Davis has been a duly elected member of the Highland Park Board of Education for 12 years and his current term of office expires on

December 31, 2014.  Plaintiff Davis is seeking to be re-elected to his 4th term in the

November 2014 Michigan General Election.  Plaintiff Davis is seeking to so qualify

to be placed on the ballot for the election, by submitting nominating petitions to

Defendant Brenda Green, with the requisite number of elector signatures as set forth

in Mich. Comp. Laws § 168.303.

13. Plaintiff Davis has attached hereto as **Exhibit A** his sworn affidavit attesting to the

facts alleged herein.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

14. Defendant, Ruth Johnson ("**Defendant Secretary of State**"), is the duly elected

Secretary of State for the State of Michigan. Pursuant to Mich. Comp. Laws § 168.21,

Defendant Secretary of State is the chief election officer of the state and has

"supervisory control over local election officials in the performance of their duties

under the provisions of" Michigan Election Law.  Additionally, pursuant to Mich.

Comp. Laws § 168.31(1)(a), Defendant Secretary of State is required to "advise and

direct local election offices as to the proper methods of conducting elections" and at

all times relevant hereto Defendant Secretary of State was acting in her official

capacity as the Secretary of State, the chief election officer,  for the State of

Michigan.

15. Defendant, Cathy Garrett ("**Defendant Wayne County Clerk**"), is the duly elected

clerk for the County of Wayne, and at all times relevant hereto was acting in her

official capacity as the County Clerk for the County of Wayne and under Michigan

Election Law she has supervisory capacity over elections occurring in the county.

16. Defendant, Brenda Green ("**Defendant City Clerk**"), is the duly elected city clerk for

the City of Highland Park.  Pursuant to Mich. Comp. Laws § 168.301(2), Defendant

City Clerk is the "school district election coordinator" and she is charged with the duties of receiving and verifying the signatures contained on Plaintiff Davis' nominating petitions.  Additionally, pursuant to Mich. Comp. Laws § 168.303(5) and § 168.552, Defendant City Clerk is responsible for checking and verifying the signatures and voter registrations of the circulators, as well as the signers, on Plaintiff Davis' nominating petitions. At all times relevant hereto Defendant City Clerk was acting in her official capacity as the City Clerk for the City of Highland Park.

### IV.   COMMON FACTS

17. Plaintiff Davis is a duly elected member of the Highland Park Board of Education. Plaintiff Davis has served in that capacity for 12 years and he will be seeking to be re-elected to a 4th term in the upcoming school board election.

18. Plaintiff Davis, pursuant to Mich. Comp. Laws § 168.303(1), wishes and desires to qualify for the upcoming school board election by having nominating petitions circulated on his behalf.

19. Mich. Comp. Laws § 168.303(1) states in pertinent part:

> (1)…. Beginning January 1, 2014, and subject to subsection (4), for an individual's name to appear on the official ballot as a candidate for school board member, the candidate shall file a nominating petition and the affidavit required by section 558 with the school district filing official not later than 4 p.m. on the fifteenth Tuesday before the election date.

20. Mich. Comp. Laws § 168.303(2) further provides:

> (2) The nominating petition *shall be substantially in the form prescribed in section 544c*, except that the petition shall be nonpartisan and shall include the following opening paragraph:…. (Emphasis supplied).

21. Mich. Comp. Laws § 168.544c(3) states in pertinent part:

> (3) At the time of circulation, *the circulator of a petition shall be a registered elector of this state.  At the time of executing the certificate of circulator,*

***the circulator shall be registered in the city or township indicated in the
certificate of circulator on the petition***.  (Emphasis supplied).

22. Plaintiff Davis desires and intends to use citizens that are *non-registered* electors as the circulators seeking registered electors' signatures supporting him on his nominating petitions.  **(See Plaintiff Davis' affidavit attached hereto as Exhibit A)**.

23. On May 5, 2014 at approx. 11:05 a.m., Plaintiff Davis telephoned Defendant City Clerk and informed Defendant City Clerk of his intention to pick up nominating petitions for the upcoming school board election.  Plaintiff Davis also informed Defendant City Clerk during this phone conversation, of his intention and desire to utilize citizens that are not registered voters to circulate his nominating petitions; and he also informed her that he intended to file his nominating petitions with her office on or before May 19, 2014.  **(See Plaintiff Davis' affidavit attached hereto as Exhibit A)**.

24. Upon Plaintiff Davis informing Defendant City Clerk of his intention and desire to use *non-registered* electors to circulate his nominating petitions, Defendant City Clerk advised and informed Plaintiff Davis that he **could not** use citizens that were not *registered* voters, to circulate his nominating petitions, because Michigan Election Law, being Mich. Comp. Laws § 168.544c(3), only permits and grants *registered* voters the right to circulate nominating petitions. **(See Plaintiff Davis' affidavit attached hereto as Exhibit A)**.

25. Defendant City Clerk further informed Plaintiff Davis that if he were to use *non-registered* electors to circulate his nominating petitions, none of the signatures

contained on said petitions would be considered valid.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

26. Defendant City Clerk further informed Plaintiff Davis that she would check with Defendant Secretary of State and/or Defendant County Clerk to verify whether her stated interpretation and application of Michigan Election Law was correct.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

27. Plaintiff Davis then informed Defendant City Clerk that he would like to pick up the nominating petitions for the upcoming school board election and he was advised by her that Plaintiff Davis nominating petitions would be ready for pick up after 1:30 p.m. on May 5, 2014.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

28. On May 5, 2014 at approx. 12:30 p.m., Plaintiff Davis called Defendant County Clerk's Director of Elections, Ms. Delphine Oden ("**Ms. Oden**"), to verify whether Defendant City Clerk had called her to get advice and direction on the question of whether Plaintiff Davis could use *non-registered* electors to circulate his nominating petitions for the election.  During this telephone conversation, Ms. Oden informed Plaintiff Davis that Defendant City Clerk had called her seeking advice on the question of whether Plaintiff Davis could use *non-registered* electors to circulate his nominating petitions.

29. During the May 5, 2014 phone conversation, Ms. Oden informed Plaintiff Davis that she had advised Defendant City Clerk that she correctly informed Plaintiff Davis that he **could not** use *non-registered* electors to circulate his nominating petitions; and Ms. Oden further informed Plaintiff Davis that Michigan Election Law prohibits

*non-registered* electors from circulating nominating petitions and that **only**

*registered* voters may circulate nominating petitions.

30. On May 5, 2014 at approx. 1:45 p.m., Plaintiff Davis personally appeared at the

Defendant City Clerk's office to pick up his nominating petitions to qualify for the

upcoming school board election.  Defendant City Clerk provided Plaintiff Davis with

four (4) nominating petitions with his name and address already pre-printed thereon.

At that time, Defendant City Clerk requested that Plaintiff Davis fill out the

"Nominating Petition Request" form and further advised Plaintiff Davis that she was

advised by the Defendant County Clerk's office that Plaintiff Davis **could not** use

*non-registered* electors to circulate his nominating petitions.  (**See Plaintiff Davis'**

**nominating petitions attached hereto as Exhibit B).**

31. Upon leaving the Defendant City Clerk's office, at approx. 2:04 p.m., Plaintiff Davis

called the Defendant Secretary of State's Bureau of Elections office to get further

guidance on the question of whether Plaintiff Davis could use *non-registered* electors

to circulate his nominating petitions.  Plaintiff Davis spoke with Lori Bourbonais

("**Ms. Bourbonais**"), an elections specialist within Defendant Secretary of State's

office, who informed Plaintiff Davis that Michigan Election Law (Mich. Comp.

Laws § 168.544c(3)) **only** permits and grants *registered* voters the right to circulate

nominating petitions and thus, Plaintiff Davis **could not** use *non-registered* electors

to circulate his nominating petitions.  Ms. Bourbonais further informed Plaintiff

Davis that if he were to use *non-registered* electors to circulate his nominating

petitions that none of the signatures gathered on said nominating petitions would be

valid.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A).**

32. That Plaintiff Davis desires and wishes to use *non-registered* electors to circulate his nomination petitions to qualify for the upcoming school board election.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

33. That it was Plaintiff Davis' desire and intent to have *non-registered* electors **to begin to circulate his nominating petitions on May 5, 2014, which is the date in which the Defendant City Clerk provided Plaintiff Davis with his nominating petitions**.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

34. That on May 5, 2014, Plaintiff Davis had enlisted the help and the assistance of a *non-registered* elector who was ready and willing to volunteer to immediately begin circulating Plaintiff Davis' nominating petitions.  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

35. That Plaintiff Davis' desires to have his nomination petitions submitted to Defendant City Clerk **on or before May 19, 2014** because Plaintiff Davis has other personal obligations thereafter that will prevent him from seeking signatures after said date.

36. That as a result of Defendants' actions in enforcing and implementing Mich. Comp. Laws § 168.544c(3), Plaintiff Davis is being denied the use of circulators of his choice, and Plaintiff Davis' potential audience and the amount of speech about his views that he could generate by using non-registered electors as circulators have been "severely" limited by that statute.  Additionally, Plaintiff Davis is being limited in the number of persons who may carry his message to the public in support of his campaign.  Accordingly, Defendants' actions in enforcing and implementing Mich. Comp. Laws § 168.544c(3), which requires that circulators of nominating petitions be registered voters of the State of Michigan, violates Plaintiff Davis' free speech

rights, as afforded him as a candidate under the First Amendment of the United

States Constitution and applicable to Michigan under the 14th Amendment.  See

*Nader v Blackwell*, 545 F.3d 459 (6th Cir. 2008); and see, *Bogaert v Land*, 675

F.Supp.2D 742 (W.D.Mich. 2009).  (**See Plaintiff Davis' affidavit attached hereto**

**as Exhibit A**).

## V.      CAUSES OF ACTION

### COUNT I- 42 U.S.C. § 1983 – Constitutional Violation
### US Const., First Amendment – Political Speech
### Mich. Comp. Laws § 168.544c(3), On Its Face And As Applied, Violates Plaintiff's First
### Amendment Rights of Political Speech

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the

previous paragraphs as if fully set forth herein.

38. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 and the Declaratory

Judgment Act seeking a declaratory judgment and injunctive relief seeking this Court

to declare that Mich. Comp. Laws § 168.544c(3) violates Plaintiff's First

Amendment Rights as a candidate for the office of school board member.

Additionally, Plaintiff Davis seeks this Court to enjoin and restrain Defendants, and

all persons and entities acting in concert with them, from enforcing and

implementing any and all provisions of Mich. Comp. Laws § 168.544c(3),

particularly enjoining Defendants from enforcing those provisions that grant the right

to circulate nominating petitions to *registered* voters only.

39. Acting under color of law and pursuant to the customs, policies and practices of the

State of Michigan, Defendants, in their respective official capacities, have engaged in

conduct that violates Plaintiff Davis' rights under the First Amendment of the United

States Constitution applicable to them through the 14th Amendment.

40. Plaintiff Davis wishes and desires to run for re-election for the upcoming school board election by filing nominating petitions by May 19, 2014 with the Defendant City Clerk that contain the requisite number of signatures as required under Mich. Comp. Laws § 168.303(1).  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

41. Mich. Comp. Laws § 168.303(1) states in pertinent part:

> (1)…. Beginning January 1, 2014, and subject to subsection (4), for an individual's name to appear on the official ballot as a candidate for school board member, the candidate shall file a nominating petition and the affidavit required by section 558 with the school district filing official not later than 4 p.m. on the fifteenth Tuesday before the election date.

42. Mich. Comp. Laws § 168.303(2) further provides:

> (2) The nominating petition ***shall be substantially in the form prescribed in section 544c***, except that the petition shall be nonpartisan and shall include the following opening paragraph:…. (Emphasis supplied).

43. Mich. Comp. Laws § 168.544c(3) states in pertinent part:

> (3) At the time of circulation, ***the circulator of a petition shall be a registered elector of this state.  At the time of executing the certificate of circulator, the circulator shall be registered in the city or township indicated in the certificate of circulator on the petition***.  (Emphasis supplied).

44. However, it is Plaintiff Davis' intent and desire to use *non-registered* electors to circulate his nominating petitions on his behalf.  Plaintiff Davis was **prepared** to use *non-registered* electors to begin circulating his nominating petitions on May 5, 2014, when Defendant City Clerk provided Plaintiff Davis with his nominating petitions. However, Plaintiff Davis was not then afforded the right or opportunity to use *non-registered* electors to circulate his nominating petitions on May 5, 2014 as a result of the actions of the Defendants informing and advising Plaintiff Davis that he **could not** use *non-registered* electors to circulate his nominating petitions as a result of the

plain language of Mich. Comp. Laws § 168.544c(3). (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

45. Plaintiff Davis' choice to use *non-registered* electors to circulate his nominating petitions on his behalf raises a barrier to him in that Mich. Comp. Laws § 168.544c(3) only permits and grants *registered* voters of the State of Michigan the right to circulate nominating petitions.

46. As noted, Defendants, individually and collectively, have each informed and advised Plaintiff Davis that he **cannot** use *non-registered* electors to circulate his nominating petitions as Mich. Comp. Laws § 168.544c(3) **only** grants and permits *registered* voters the right to circulate nominating petitions.

47. Mich Comp. Laws § 168.544c(3) states in relevant part:

> "(3) At the time of circulation, the circulator of a petition ***shall be* a registered elector of this state**. At the time of executing the certificate of circulator, the circulator ***shall be* registered** in the city or township indicated in the certificate of circulator on the petition." (Emphasis supplied).

48. That as a result of Defendants' actions in enforcing and implementing Mich. Comp. Laws § 168.544c(3), Plaintiff Davis is being denied the use of circulators of his choice that are not registered voters, and Plaintiff Davis' potential audience and the amount of speech about his views that he could generate by using non-registered electors as circulators has been "severely" limited. Such section limits the number of persons who may carry his message to the public in support of his campaign. Accordingly, Defendants' actions in enforcing and implementing Mich. Comp. Laws § 168.544c(3), requiring circulators of nominating petitions be registered voters of the State of Michigan, violates Plaintiff Davis' free speech rights afforded him as a candidate under the First Amendment of the United States Constitution. See *Nader v*

*Blackwell*, 545 F.3d 459 (6th Cir. 2008); *Bogaert v Land*, 675 F.Supp.2D 742
(W.D.Mich. 2009).  (**See Plaintiff Davis' affidavit attached hereto as Exhibit A**).

49. Mich. Comp. Laws § 168.544c(3), on its face, and as applied to Plaintiff Davis,
violates Plaintiff Davis' First Amendment Rights to political speech. See *Nader v
Blackwell*, 545 F.3d 459 (6th Cir. 2008); *Bogaert v Land*, 675 F.Supp.2D 742
(W.D.Mich. 2009).

50. As a direct and proximate result of the Defendants' actions of enforcing and
implementing Mich. Comp. Laws § 168.544c(3), Plaintiff Davis has suffered and
will continue to suffer a loss of his constitutionally protected rights as afforded him
under the First Amendment.   See *Nader v Blackwell*, 545 F.3d 459 (6th Cir. 2008);
*Bogaert v Land*, 675 F.Supp.2D 742 (W.D.Mich. 2009).  (**See Plaintiff Davis'
Affidavit attached hereto as Exhibit A**).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs PRAY this Honorable Court enters Judgment against
Defendants providing:

   a. For declaratory relief declaring and holding that Mich. Comp. Laws §
   168.544c(3), on its face, is unconstitutional in violation of Plaintiff Davis' First
   Amendment Rights applicable to the Defendants by the Fourteenth Amendment.

   b. For declaratory relief declaring and holding that Mich. Comp. Laws §
   168.544c(3), as applied to Plaintiff Davis, is unconstitutional in violation of
   Plaintiff Davis' First Amendment Rights.

   c. For injunctive relief restraining and enjoining Defendants, and all persons and
   entities acting in concert with them, from enforcing and implementing any and

all provisions of Mich. Comp. Laws § 168.544c(3) so requiring circulators of

nominating petitions be registered voters.

d.  For an award of costs and attorney fees pursuant to 42 U.S.C. § 1988.

e.  For such further relief as is just and equitable.

Respectfully Submitted,

/s/ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Robert Davis
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

DATED: May 6, 2014