UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

  Plaintiff,          Case No. 14-11818
                  Hon. Matthew F. Leitman

v.

RUTH JOHNSON, et al.,

  Defendants.
_____/

## ORDER PERMITTING SUPPLEMENTAL BRIEFING AND ALLOWING FOR EVIDENTIARY HEARING

On May 7, 2014, Plaintiff Robert Davis, an incumbent candidate for the Highland Park Board of Education, filed a motion for a temporary restraining order in this Court. Plaintiff seeks to enjoin Defendant Secretary of State Ruth Johnson ("Secretary Johnson"), Defendant Wayne County Clerk Cathy Garrett, and Defendant Highland Park City Clerk Brenda Green from enforcing MCL § 168.544c(3). (*See* ECF #5.) That statutory provision (hereinafter referred to as the "Registration Statute") requires (a) that "[a]t the time of circulation," a person circulating a petition for the Highland Park Board of Education (and certain other offices), "shall be a registered elector of this state" and (b) that "[a]t the time of executing the certificate of circulator, the circulator shall be

1

registered [to vote] in the city or township indicated in the certificate of circulator on the petition."[1] *Id.*

The Court held a hearing on Plaintiff's motion on May 21, 2014. Prior to the hearing, the Court offered the parties an opportunity to present witness testimony and otherwise supplement the record; they declined. Therefore, the hearing consisted entirely of legal arguments. The Court indicated at the hearing that it would treat Plaintiff's motion as a motion for a preliminary injunction because all adverse parties received notice and had an opportunity to be heard. *See* Fed. R. Civ. P. 65(a)-(b).

At the hearing, Secretary Johnson raised a new legal argument that was not addressed in the parties' briefs. Specifically, Secretary Johnson asserted that Plaintiff had not suffered irreparable harm, and therefore a preliminary injunction was not warranted, because (1) Plaintiff has the option to pay a non-refundable filing fee of $100 in lieu of filing nominating petitions pursuant to MCL § 168.303(4), and (2) Plaintiff could recoup the filing fee if the Registration Statute were deemed unconstitutional in a subsequent proceeding. Without briefing on this new argument, the Court is not prepared to rule on Plaintiff's motion. While the Court is aware of the general statement of law "that loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable harm," *Libertarian Party of Ohio v. Husted*, __ F.3d __, 2014 WL 1703856 at

---

[1] The term "Registration Statute" used herein refers to the following language from the statute: "At the time of circulation, the circulator of a petition shall be a registered elector of this state. At the time of executing the certificate of circulator, the circulator shall be registered in the city or township indicated in the certificate of circulator on the petition." The final sentence of MCL § 168.544c(3), not reprinted here, is not at issue in this case and is not included in the definition of "Registration Statute" as used in this Order.

\*9 (6th Cir., May 1, 2014), it is not yet clear to the Court how that statement may apply in this case. The Court believes that Secretary Johnson's argument on the irreparable harm issue warrants supplemental briefing and further consideration. Accordingly, **IT IS ORDERED THAT** Plaintiff and each Defendant may file supplemental briefs addressing this argument. All such briefs shall be no more than 10 pages long and shall be filed no later than **Friday, May 30, 2014**.

Also at the hearing, Plaintiff suggested that, if given the opportunity, he would present additional facts regarding the burden that the Registration Statute imposes on his First Amendment rights. The Court declined to take testimony at the hearing because, based on representations from counsel that they did not plan to present evidence or testimony, the Court had not scheduled time for the presentation of such evidence at the hearing. However, the Court believes that Plaintiff should have the opportunity to enter evidence of burden into the record. Accordingly, **IT IS FURTHER ORDERED** that, if Plaintiff still desires to present testimonial evidence concerning the burden imposed on him, the Court will hold an evidentiary hearing to develop the record on that issue. The Court will hold the hearing during the week of **June 2, 2014**. The parties shall contact the Court's Case Manager, Holly A. Monda, no later than **Wednesday, May 28, 2014**, to schedule the evidentiary hearing, if Plaintiff wishes to proceed with the hearing.

The Court believes that the expedited briefing and hearing schedule established above permits adequate time for the parties to fully brief, and for the Court to consider, important issues in this case while also respecting the timing considerations that the

parties have raised. The Court notes that there is no primary election for the position Mr. Davis seeks.

Finally, at the May 21st hearing, the Court also heard arguments in a companion case, *Moore et al. v. Johnson et al.*, Case No. 14-cv-11903, which also challenges the Registration Statute. In that action, the Court has entered a preliminary injunction order requiring Congressman John Conyers, Jr., to be placed on the August 2014 primary ballot. The Court makes clear in that order, and emphasizes here, that the Court's preliminary injunction order in *Moore* applies only to Mr. Conyers. It may well be that the order and reasoning in *Moore* support Plaintiff's request for relief in this action, but the order in *Moore* does not *entitle* Plaintiff Davis to any relief at this time. The Court will consider the merits of Plaintiff's request for relief on its own.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 23, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113